**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**MOHAMED ADEL MOUSTAFA MOHAMED ESSA, A.K.A. MOHAMED ESSA** | **CIVIL ACTION**

**VERSUS**

**MARKWAYNE MULLIN, ET AL.** | **NO. 26-482-SDD-SDJ**

---

## RULING AND ORDER

Petitioner, Mohamed Essa, has filed a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 challenging as unlawful his ongoing detention in the custody of U.S. Immigration and Customs Enforcement (ICE). The Court has reviewed the parties' filings and the A-File, as well as the applicable law. Petitioner's habeas case is materially indistinguishable in pertinent part from this Court's prior decisions granting habeas relief to noncitizens held in immigration detention without any legitimate purpose and with no end in sight. *See Rodriguez Romero v. Ladwig*, 827 F. Supp. 3d 779 (M.D. La. 2026); *Dominguez Fernandez v. Acuna*, No. 26-cv-375, 2026 WL 2546662 (M.D. La. Aug. 27, 2026); *Omorodion v. Noem*, No. 26-cv-72, 2026 WL 2323240 (M.D. La. Aug. 11, 2026); *Martinez Rico v. U.S. ICE*, No. 25-cv-990, 2026 WL 2069779 (M.D. La. July 16, 2026); *Omar v. U.S. ICE*, No. 26-cv-443, 2026 WL 1663009 (M.D. La. May 29, 2026). Therefore, as explained below, the Court finds that Essa is likewise entitled to habeas relief.[1]

Essa is a citizen of Egypt who entered the United States without inspection in October 2024, having fled his home country and having been kidnapped and assaulted in Mexico while waiting for admission to the U.S. (Doc. 1 at 4-5). In November 2024, he

[1] This Court previously explained the applicable law in a detailed opinion, *Rodriguez Romero v. Ladwig*, 827 F. Supp. 3d 779 (M.D. La. 2026), which is incorporated here by reference.

was taken into ICE custody and placed in removal proceedings. (Doc. 19-1 at ¶ 4). After a brief period of supervised release, he was again taken into ICE custody on June 5, 2025. *Id.* at ¶6. On October 2, 2025, an immigration judge ordered Essa removed from the United States but granted withholding of removal to Egypt. *Id.* at ¶ 7. ICE initially sought removal to Indonesia but was ultimately unable to secure removal. *Id.* at ¶ 9-11. Since November 2025, the local ICE ERO office has attempted coordination with the ICE Removal Division to identify another country that might accept Essa; as of June 2026, no country has been identified. *Id.* at ¶ 12-20. There has been no indication to the Court as of this writing that circumstances have changed to this day. Essa remains in ICE custody with no removal plan.

In *Zadvydas v. Davis*, the U.S. Supreme Court instructed that:

> [T]he habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.

*Zadvydas v. Davis*, 533 U.S. 678, 699–700 (2001). Finding that detention for longer than six months is constitutionally suspect, the Court established that a period of up to six months is a presumptively reasonable time to detain a person for the purpose of effectuating removal. *Id.* at 699, 701. Once a petitioner has shown that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must show evidence sufficient to rebut the petitioner’s showing; otherwise, petitioner’s detention is unlawful. *Id.* at 701.

Here, ICE has detained Essa for over 400 days,[2] based on an abstract possibility of removing him to some unspecified country at some unspecified time in the future. Here, Essa has presented *good reason to believe* his removal is not imminent. Any attempt at removal to Indonesia appears to have been abandoned, or else has been pending for over a year. Attempts to remove Essa to a different country have been pending for exactly a year without so much as identifying a country for attempted removal. These protracted and fruitless attempts alone—not to mention the lengthy approval process once a removal country is identified—are proof enough that ongoing efforts alone do not establish a significant likelihood of removal in the reasonably foreseeable future. The Government bears the burden of rebuttal, showing that removal is reasonably foreseeable and Essa's prolonged detention is therefore justified. In an effort to make this showing, the Government merely posits:

> ICE has potentially identified Indonesia as a possible third country. While awaiting final determination from Indonesia, ICE is actively investigating alternative countries for removal.

(Doc. 19 at 7).

The Government argues that progress, however slow, justifies continued detention. *Id.* The Supreme Court says otherwise—it explicitly disavowed the use of vague and speculative rationales to justify detention in *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001) (Rejecting a standard that would render continued "detention lawful as long as good faith efforts to effectuate deportation continue and [the noncitizen] failed to show that deportation will prove impossible."); *see also Villanueva v. Tate*, 801 F. Supp. 3d 689, 704 (S.D. Tex. 2025) ("But the government may not detain Villanueva for an indefinite and

[2] From the date his order of removal was finalized; Essa was detained for an additional 4 months prior to that finalization—in total over 500 days.

undetermined period of time while it tries to effect that removal when the circumstances are such that his removal is not reasonably likely in the foreseeable future."); *Martinez Rico v. U.S. ICE*, No. 25-cv-990, 2026 WL 2069779, at *4 (M.D. La. July 16, 2026) (relying on speculative nature of ICE agent's statement — that ICE "is still working to remove the petitioner to a third country"— in granting habeas relief and finding: "Nearly one year has passed since ICE detained Martinez Rico . . . . Yet, ICE has made no meaningful progress in removing Martinez Rico.").

As of this writing, Essa has been detained more than 500 days and counting. There appears to be no end in sight. This period of detention well exceeds the six-month presumptively reasonable period that the Supreme Court recognized in *Zadvydas* and *Clark v. Martinez*, 543 U.S. 371, 386 (2005) (explaining that mere passage of time may suffice as reason for release when "Government ha[s] brought forward nothing to indicate that a substantial likelihood of removal subsists").

Each day that Essa remains indefinitely detained, his constitutional right to liberty is severely restrained. *See Zadvydas*, 533 U.S. at 690 (2001) ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." (*citing Foucha v. Louisiana*, 504 U.S. 71, 80 (1992))). And that harm is irreparable. *See Ventura Martinez v. Trump*, No. 25-cv-1445, 2025 WL 3124847, at *3 (W.D. La. Oct. 22, 2025) ("The erroneous deprivation of a [noncitizen]'s liberty, for even minimal periods of time, unquestionably constitutes irreparable injury.") (internal citations omitted). Therefore,

**IT IS ORDERED** that the **Petition for Writ of Habeas Corpus** (Doc. 1) is **GRANTED** and Petitioner Essa is entitled to release from ICE custody. Federal

Respondents will release Petitioner within **24 hours** of this Ruling and Order, subject to appropriate conditions of supervised release.

**IT IS FURTHER ORDERED** that Federal Respondents shall, at least **4 hours prior** to Petitioner's release, notify Petitioner's Counsel of the time and place of his release in order to facilitate travel.

**IT IS FURTHER ORDERED** that Federal Respondents will return to Petitioner all of his belongings, including any identifying documents, and provide him with a written copy of any supervision orders.

**IT IS FURTHER ORDERED** that Federal Respondents shall not re-detain Petitioner without due process of law, and in accordance with this Ruling and Order, the Due Process Clause of the Fifth Amendment to the U.S. Constitution, and ICE's own regulations.

Signed in Baton Rouge, Louisiana, on November 13, 2026.

Shelly D. Dick

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**